THE STATE, EX REL. PRESTON, DIR. OF HIGHWAYS, *v.* SHAVER, RECORDER.*

---

*Judgment affirmed, 172 Ohio St., 111.

(No. 8752—Decided May 9, 1960.)

*Mr. Mark McElroy*, attorney general, and *Mr. Howard T. Cook*, for relator.

*Mr. C. Watson Hover*, prosecuting attorney, and *Mr. Raymond C. Wetherell*, for respondent.

LONG, J. The relator, Director of Highways of the state of Ohio, filed a petition in this court asking that a writ of mandamus issue against respondent, Gilbert Shaver, Recorder of Hamilton County, Ohio, requiring the recorder to accept and record certain instruments granting easements to the state of Ohio, and more particularly one from the employees of the General Electric Company, designated hereafter as Exhibit I. In his petition, the relator alleges that the description of the land, establishing the easement, is "definite, accurate and detailed." In his answer, respondent denies this and asserts this as one of the grounds of his refusal to accept and record said Exhibit I; he claims further that he could not properly index the easement without great delay, inconvenience, and the employment of a surveyor. It is upon this issue that the court shall determine the right of the relator to the prayer of his petition.

For our purposes only the description contained in Exhibit I is necessary for consideration:

"Easement For Highway Purposes

"* * *

"Beginning at the point of intersection of the grantor's westerly property line with the southerly right of way line of U. S. Rt. 50B, said point being 230.46 feet right of and radially from Station 1141 + 82.44 in the centerline of U. S. Rt. 50B in the above mentioned centerline of survey; said point being also in the easterly right of way line of the Baltimore and Ohio Railroad Company; thence northwestwardly along the grantor's said westerly property line and along the railroad's said easterly right of way line to a point in the northerly right

of way line of U. S. Rt. 50B, passing through the said centerline of survey at Station 1140 + 58.91, said point in the northerly right of way line being 188.19 feet left of and radially from Station 1139 + 59.97; thence northeastwardly along said northerly right of way line to a point 207.00 feet left of and radially from Station 1140 + 49; thence southeastwardly to a point 205.00 feet left of and radially from Station 1143 + 80; thence southeastwardly to a point 182.00 feet left of and radially from Station 1148 + 83; thence eastwardly to a point 157.00 feet left of and radially from Station 1153 + 67; thence northeastwardly to a point in the grantor's easterly property line, said point being 198.21 feet left of and radially from Station 1155 + 75.34; thence southwardly along the grantor's easterly property line to a point in the southerly right of way line of said U. S. Rt. 50B, passing through the center-line of survey at Station 1155 + 76.92, said point in the southerly right of way line being 214.28 feet right of and radially from Station 1155 + 78.65; thence southwestwardly along said southerly right of way line to a point 241.74 feet right of and radially from Station 1150 + 75; thence northwestwardly to a point 204.00 feet right of and radially from Station 1150 + 16; thence southwestwardly to a point 213.00 feet right of and radially from Station 1146 + 95; thence northwestwardly to a point 205.00 feet right of and radially from Station 1146 + 63; thence northwestwardly to a point 210.00 feet right of and radially from Station 1143 + 20; thence westwardly to the point of beginning, and being part of the same premises conveyed to the grantor herein by deed recorded in Registered Land Book 92, page 32380 of the Deed Records, Hamilton County, Ohio.''

The evidence discloses that the description employed in Exhibit I is the so-called ''center-line survey description.'' The sole question for our determination is whether this description complies with the law, in that it is sufficiently definite, accurate and detailed to enable the respondent to accept for record and index the land involved by a pertinent description of the easement granted. Realizing that there would be conflicting claims on both sides as to whether the description complied with lawful recording practices, the court on its own motion called two witnesses, admittedly qualified by reason of their great experi-

ence in the examination of titles and work in the Recorder's Office, and the court asked their assistance in explaining the various methods of describing interests in lands in instruments of conveyance and the pertinency of the description for the purpose of recording and indexing. Both experts called by the court positively testified that the description set forth in Exhibit I is incorrect. They tell us that the "center-line description" is used mostly to define a highway and that this is the description used in Exhibit I; that to get a definite location of the easement conveyed, it would be necessary for the recorder to employ a registered surveyor. The highway director's witnesses admit that it would take a surveyor a whole day to arrive at a description susceptible of index purposes. The court's witnesses further point out that "there is no point given which bears any relation to the survey on property of the General Electric Company." As we understand the rule, where an easement is taken over a part of a tract, as in the instant case, the easement must be described in such a manner, that landowners, their surveyors, and other witnesses are able to locate *without difficulty* the strip proposed to be taken. This is the decision in the case cited by relator. *Union Electric Power Co.* v. *Sauget*, 1 Ill. (2d), 125, 115 N. E. (2d), 246.

We have examined every statute in Ohio having anything to do with the character of descriptions in interests in land. In Section 5713.02, Revised Code, defining the duties of the "assessor" for the purpose of taxation, he is required to "make a correct and pertinent description of each tract and lot of real property in his district." In Section 5519.01, Revised Code, after the highway director finds it necessary to appropriate property, he must enter on the journal his finding of necessity which shall contain "a definite, accurate, and detailed description of the property" to be taken.

Exhibit I does not contain such a description. If we understand the evidence of our experts this can only be done in this case by a metes and bounds description, if it is to be properly indexed.

And finally, we come to the statute having to do with registered land, such as that involved in the instant case. Section 5309.79, Revised Code, setting forth the requirements in in-

struments of the kind set out in Exhibit I provides the language which we think is determinative of the matter. "If *only a part of the land* covered by such certificate of title is sought to be affected, *an accurate description of such part enabling it to be definitely located and platted shall be given in such voluntary instrument* \* \* \*." (Emphasis added.)

In *Pennsylvania Rd. Co.* v. *Kearns, Rcdr.*, 71 Ohio App., 209, cited by the relator, the restrictive covenant there granted covered the whole tract of land involved; in the case at bar, the easement applies to only a part of the General Electric tract.

Finally, quoting again from the testimony of one of our experts, we find the following in the record:

"By the Court: Mr. Weinberger, from the description contained in Exhibit I, could the Recorder of Hamilton County, in your opinion, make a pertinent description of the easement conveyed in that instrument for index purposes? Answer: He could not."

It must be added that Mr. Lawrence A. Poetker, the other expert called by the court, testified to the same result.

The court therefore concludes that the prayer for a writ of mandamus must be denied.

*Writ denied.*

O'CONNELL, J., concurs.

MATTHEWS, P. J., dissenting. The question presented is whether the Recorder of Hamilton County, Ohio, was under a mandatory duty to accept the deed and plat tendered by the relator for recording and to record it.

The instruments had not been tendered directly to the county auditor for transfer purposes prior to being tendered to the recorder, but a long standing practice has existed for the recorder to present instruments to the auditor for transfer. These documents were not rejected on that ground, and the respondent has expressly waived the point, and has asked the court to decide whether the documents are as a matter of law recordable.

I find myself unable to agree with my associates on that question.

It is conceded by the respondent that a surveyor could properly chart the courses and distances from the documents and properly index them. It is said that a center-line description, such as here employed, entails more work upon the recorder than a description by metes and bounds. Whether it does seems to me to be debatable, but that is not a ground for refusing to record it.

I have examined the recorded plat, to which the deed conveying the easement refers, and reading the deed in conjunction therewith I find no difficulty in tracing the perimeter of the easement and of determining its location both with reference to adjoining property and in all other respects.

It seems to me that the writ should issue.